UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANDY JOHNSON, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

TWIN COUNTY COMMUNITY PROBATION
CENTER INC.,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiffs*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff Andy Johnson, individually and on behalf of all others similarly situated, brings this collective action under the Fair Labor Standards Act against Defendant Twin County Community Probation Center Inc.

### NATURE OF THE CASE

1. This is a collective action under the Fair Labor Standards Act (FLSA) to recover compensation owed because of Defendant's failure to provide overtime pay to Johnson and all others similarly situated who worked for Defendant.

2. Johnson and all other similarly situated employees worked four consecutive 10-hour days, and then with the following three days off.  For example, employees worked Wednes-

day, Thursday, Friday, Saturday (with Sunday, Monday, and Tuesday off).

3. Then, roughly every three months, the scheduled work days and days off changed, which resulted in employees working seven consecutive 10-hour days during Defendant's seven-day work week. Defendant did not pay Johnson or other similarly situated employees overtime compensation for the hours they worked over 40 during these weeks.

4. Johnson complained to Defendant about its pay practices and its failure to pay overtime compensation. Defendant refused to pay Johnson and other employees overtime compensation.

5. This resulted in a common policy of Defendant refusing to pay Johnson and all other similarly situated employees at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

6. Because of Defendant's failure to pay overtime compensation, Johnson and all other similarly situated employees have suffered damages that include, but are not limited to, lost wages, liquidated damages, attorney's fees, and litigation costs.

## PARTIES

7. Plaintiff Andy Johnson is an individual person who resides in St. Joseph County, Michigan.

8. Defendant Twin County Community Probation Center Inc. is a private nonprofit corporation organized under the laws of the State of Michigan. The corporation operates in St. Joseph County, Michigan and contracts with the Michigan Department of Corrections and its affiliates to provide community based probation and residential housing services.

9. Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

10. Johnson worked for Defendant from March 2018 until May 2020.

11. Johnson and all other employees were employees of Defendant within the mean-

ing of the FLSA. 29 U.S.C. § 203(e) and (g).

## JURISDICTION AND VENUE

12. This action arises under the Fair Labor Standards Act. 29 U.S.C. §§ 201 – 262. The Court has original subject matter jurisdiction over the claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

13. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

14. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## FACTUAL ALLEGATIONS
## COMMON TO ALL CLAIMS

15. Johnson repeats and incorporates all the previous allegations in his complaint.

16. Johnson and all others similarly situated currently work, or worked, for Defendant at its facilities during the past three years.

17. Johnson and all others similarly situated worked as employees.

18. Johnson and all other similarly situated employees worked four consecutive 10-hour days, with three days off.  For example, employees worked Wednesday, Thursday, Friday, Saturday (with Sunday, Monday, and Tuesday off).

19. Then, roughly every three months, the scheduled work days and days off changed, which resulted in Johnson and all other similarly situated employees working seven consecutive 10-hour days during Defendant's seven-day work week.

20. Defendant's work week for Johnson and all other similarly situated employees began each Thursday and ended on the following Wednesday. 29 C.F.R. § 778.105.

21. Defendant did not pay Johnson or similarly situated employees overtime compen-

sation for the hours they worked over 40 during these weeks.

22.  The 70 consecutive hours that Johnson and all other similarly situated employees worked, and which occurred around the schedule changes, generally looked like this:

## September 2019

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| 1 OFF | 2 OFF | 3 OFF | 4 10 HOURS (work week ends) | 5 10 HOURS (work week begins) | 6 10 HOURS | 7 10 HOURS |
| 8 OFF | 9 OFF | 10 OFF | 11 10 HOURS (work week ends) | 12 10 HOURS (work week begins) | 13 10 HOURS | 14 10 HOURS |
| 15 10 HOURS | 16 10 HOURS | 17 10 HOURS | 18 10 HOURS (work week ends) | 19 OFF (work week begins) | 20 OFF | 21 OFF |
| 22 10 HOURS | 23 10 HOURS | 24 10 HOURS | 25 10 HOURS (work week ends) | 26 OFF (work week begins) | 27 OFF | 28 OFF |
| 29 10 HOURS | 30 10 HOURS | | | | | |

23.  Johnson complained to Defendant about its pay practices and its failure to pay overtime compensation. Defendant refused to pay Johnson and other employees overtime compensation.

24.  Johnson and all other similarly situated employees are not exempt from overtime compensation.

25.  Defendant suffered and permitted Johnson and all other similarly situated employees to work more than 40 hours during certain work weeks.

26.  Defendant had a common policy of not paying Johnson and all other similarly sit-

uated workers at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

27. Defendant willfully operated under a common scheme to deprive Johnson and other similarly situated employees of proper overtime compensation by paying them less than what the FLSA requires.

28. Defendant knew or should have known that Johnson and all other similarly situated employees performed work that required the proper payment of overtime compensation.

29. Defendant knew that Johnson and all other similarly situated employees worked overtime hours without receiving proper overtime pay because, among other reasons, Defendant required them to record and submit records of their work hours and Defendant's agents and representatives have observed Johnson and other similarly situated employees performing their work. Johnson also specifically complained about Defendant's improper pay practices and was rebuffed.

30. Defendant knew, or should have known, about its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE
### ACTION ALLEGATIONS

31. Johnson repeats and incorporates all the previous allegations in his complaint.

32. Johnson brings this action individually and on behalf of all individuals similarly situated, specifically:

> All employees who have been employed by Defendant at any time three years before the filing of this complaint until the date of final judgment in this matter and who have worked for Defendant as employees who are not exempt from overtime compensation and who worked a schedule of four consecutive, 10-hour days, with following three days off (the proposed "FLSA Collective").

33. Johnson has consented in writing to asserting his claims for unpaid wages under

the FLSA in accordance with Title 29 of the United States Code, Section 216(b).  Johnson and other similarly situated employees signed consent form have been filed with the Court as Exhibit 1 to this complaint.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

34. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

35. Johnson and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistently illegal policies that have resulted in willful violations of their rights under the FLSA, which have caused significant damage to Johnson and the FLSA Collective.

36. These individuals fear retaliation from Defendant and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join by filing their written consent forms.

## COUNT 1
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(*on behalf of Johnson and the FLSA Collective*)

37. Jonson repeats and incorporates all the previous allegations in his complaint.

38. Defendant is an "enterprise" as defined by the FLSA (29 U.S.C. § 203(r)(1)), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b) and (s)(1).

39. The FLSA requires covered employers like Defendant to pay non-exempt employees like Johnson and the FLSA Collective no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

40. Johnson and the FLSA Collective worked more than 40 hours per week for Defendant during certain work weeks, but Defendant did not properly compensate them for all of their

overtime hours as required by the FLSA.

41. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Johnson and the FLSA Collective.

42. Defendant knew Johnson and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Johnson and the FLSA Collective wages at the required overtime rates. 29 U.S.C. § 255.

43. Defendant's willful failure and refusal to pay Johnson and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

44. As a direct and proximate result of these unlawful practices, Johnson and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, pre-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

45. Johnson and the FLSA Collective demand a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

46. Plaintiff Andy Johnson individually and on behalf of the proposed FLSA Collective, requests that the Court provide the following relief:

 (a) Enter a finding that Johnson and the FLSA Collective are similarly situated.

 (b) Certify this case as a collective action under the FLSA. 29 U.S.C. § 216(b).

 (c) Authorize the prompt issuance of notices to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms.

 (d) Enter a judgment against Defendant for an amount equal to Johnson and the FLSA Collective's unpaid back wages at the applicable overtime rates.

 (e) Enter a finding that Defendant's violations of the FLSA were willful.

 (f) Award damages in an amount equal to Johnson and the FLSA Collective's damages as liquidated damages.

 (g) Award all litigation costs and reasonable attorney's fees incurred in prosecuting this action.

 (h) Award all pre- and post-judgment interest.

 (i) Provide leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court.

 (j) All further relief as the Court deems just and equitable.

ANDY JOHNSON, individually and on behalf of all others similarly situated

Dated:  August 12, 2020

By: /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com